## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No.: 3:22-cv-00337

| | | |
|---|---|---|
| **JADDEY FELIZ-CABRERA,** individually and on behalf of all others similarly situated, | ) ) ) ) | |
| **Plaintiff,** | ) ) | **COLLECTIVE ACTION COMPLAINT** |
| **v.** | ) ) | |
| **MONROE BIOMEDICAL RESEARCH, LLC,** | ) ) ) | |
| **Defendant.** | ) | |

Plaintiff, Jaddey Feliz-Cabrera ("Feliz-Cabrera" or "Plaintiff"), individually and on behalf of all other similarly situated employees, by and through her counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), against Monroe Biomedical Research, LLC ("MBR" or "Defendant"), and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

### NATURE OF ACTION

1.      Feliz-Cabrera contends that MBR violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") by knowingly suffering and/or permitting her and the putative Collective Members ("Collective") to work more than 40 hours per workweek without properly compensating them for all overtime hours worked and at the correct statutory overtime premium rate.

1

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."  Feliz-Cabrera has signed an opt-in consent form to join this lawsuit.  (Exhibit 1).

3.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under the FLSA.

4.      This Court has personal jurisdiction because Defendant conducts substantial business in Union County, North Carolina, which is located within this judicial district.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Union County, North Carolina, which is located within this judicial district.

## PARTIES

6.      Feliz-Cabrera is a resident of Charlotte, North Carolina and worked for Defendant as a Clinical Research Coordinator.

7.      MBR operates an outpatient clinical research center that conducts clinical research on new medications and medical devices.

8.      Defendant's corporate headquarters is in Monroe, North Carolina.

9.      At all times relevant, Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d) and was actively engaged in the conduct described herein.  Throughout the relevant period, Defendant employed Plaintiff and similarly-situated hourly employees within the meaning of the FLSA.

**FACTS**

10.     Plaintiff and the Collective are individuals who work and have worked for Defendant as Clinical Research Coordinators and other non-exempt hourly positions during the three-year statutory period preceding the filing of this Complaint. Amongst other things, Plaintiff and the Collective all are subject to the same unlawful overtime compensation policy and practice.

11.     Defendant hired Plaintiff as a Clinical Research Coordinator on or about July 15, 2021.

12.     Throughout the duration of her employment with Defendant, Plaintiff received biweekly paychecks from Defendant that did not properly record or compensate her for all overtime hours that she worked.

13.     Defendant had a policy and practice of "banking" overtime hours and converting "banked overtime hours" to paid-time-off ("PTO"). As a result, Defendant failed to timely pay Plaintiff and the Collective for the overtime hours she worked each pay period.

14.     Defendant also refused to pay Plaintiff her earned PTO following the termination of Plaintiff's employment.

15.     Plaintiff worked more than 40 hours in a workweek during one or more weeks of her employment with Defendant and she was not paid for all overtime hours worked. For example, during the pay period of December 20, 2021 through January 7, 2022, Plaintiff worked 90.21 hours. Defendant compensated Plaintiff for eighty (80) hours during the pay period of December 20, 2021 through January 7, 2022. During the pay period of January 3, 2022 through January 16, 2022, Plaintiff worked 93.08 hours. Defendant compensated Plaintiff for eighty (80) hours during the pay period of January 3, 2022 through January 16, 2022.

3

16.     The examples above are illustrative of Defendant's refusal to compensate Plaintiff and the Collective for hours worked in excess of forty (40) hours in a workweek.

17.     Defendant determined and controlled the total number of hours worked by Plaintiff, as well as the compensation paid to Plaintiff.

18.     Defendant knew, and was always aware, that Plaintiff and the Collective were not paid for all overtime hours worked because Defendant maintained a uniform policy and practice of refusing to pay earned overtime.

19.     The conduct alleged above reduced Defendant's labor and payroll costs.

20.     Plaintiff and the Collective were subject to Defendant's uniform policies and practices and were victims of Defendant's scheme to deprive them of overtime compensation.  As a result of Defendant's improper and willful failure to pay Plaintiff and the Collective in accordance with the requirements of the FLSA, Plaintiff and the Collective suffered lost wages and other related damages.

## DEFENDANT WILLFULLY VIOLATED THE FLSA

21.     Defendant has no legitimate basis to believe Plaintiff and the Collective were exempt from the overtime requirements of the FLSA.  Instead, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay Plaintiff and the Collective overtime compensation for all overtime hours worked and at the correct overtime rate of pay.  Defendant's willful actions and/or willful failures to act, included, but were not necessarily limited to:

     a.  Defendant maintained or should have maintained accurate payroll and time keeping records that reflected that Plaintiff and the Collective did, in fact, regularly work overtime hours and therefore, Defendant had actual or constructive

4

knowledge that Plaintiff and the Collective worked more overtime hours than they were compensated for;

b.  Defendant knew or should have known that it did not pay Plaintiff and the Collective one and one half (1½) times their regular rate of pay for all overtime hours worked;

c.  Defendant lacked any good-faith basis to believe that it was lawfully permitted to "bank" earned overtime hours; and

d.  Defendant was aware that it would (and did) benefit financially by failing to pay Plaintiff and the Collective overtime premium pay for all overtime hours worked, thereby reducing labor and payroll costs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.  Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to Defendant's violation of the FLSA.

23.  Plaintiff pursues the requested relief on behalf of the following individuals ("the Collective"):

> **All individuals who currently work, or have worked, for Defendant as a Clinical Research Coordinator or other hourly non-exempt position who were subject to Defendant's policy and practice of banking overtime hours at any time within the preceding 3-years from the date of filing the complaint.**

24.  Plaintiff is a member of the Collective that she seeks to represent because she was employed by Defendant during the relevant period, routinely suffered or was permitted to work more than 40 hours per week, as described above, and was not paid at the FLSA's mandated overtime premium rate for all time she worked over 40 hours per workweek.

5

25.     Defendant engaged in common schemes to avoid paying Plaintiff and the Collective overtime pay when they worked in excess of 40 hours per week by failing to timely pay all earned overtime in the pay period it was worked.

26.     This action may be properly maintained as a collective because:

   a.  Plaintiff and the Collective were all paid under the same compensation structure;

   b.  Plaintiff and the Collective worked in excess of 40 hours per week during one or more workweeks while employed by Defendant;

   c.  Defendant failed to timely pay Plaintiff and the Collective for all overtime hours worked;

   d.  Defendant did not pay Plaintiff and the Collective an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per workweek; and

   e.  Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiff and the Collective.

27.     Defendant encouraged, suffered, and permitted Plaintiff and the Collective to work more than forty (40) hours per week without proper overtime compensation.

28.     Defendant knew that Plaintiff and the Collective performed work that required additional wages and overtime compensation to be paid.  Nonetheless, Defendant operated under a scheme, as previously described, to deprive Plaintiff and the Collective of overtime compensation.

29.     Defendant's conduct as alleged herein was willful and caused damage to Plaintiff and the Collective.

6

30.     Defendant is liable under the FLSA for failing to properly pay Plaintiff and the Collective overtime wages.  Plaintiff requests that the Court authorize notice to the members of the Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under FLSA, and the other relief requested herein.

31.     Plaintiff estimates that the collective, including both current and former employees over the relevant period, will include more than eighteen (18) members.  The precise number of collective members should be readily available from Defendant's personnel, scheduling, time, and payroll records as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).  Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA FOR ALL OVERTIME HOURS WORKED

32.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

33.     Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

34.     Plaintiff and the Collective are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

35.     FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

36.    Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and the Collective to work overtime hours each week without paying them premium overtime pay at the correct overtime pay rate and for the actual number of overtime hours worked.

37.    Throughout the relevant period, Plaintiff and the Collective each worked in excess of 40 hours per week during one or more workweeks but were not paid an overtime premium of 1½ times their regular hourly rate for all of those additional hours.

38.    Defendant's actions described in this Complaint violated the FLSA.

39.    Defendant's actions were willful and not in good faith.

40.    Plaintiff and the Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

41.    Defendant is liable to Plaintiff and the Collective for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. §216(b) as well as reasonable attorneys' fees, costs, and expenses.

42.    Plaintiff and the Collective are also entitled to injunctive relief to prevent Defendant from continuing their violation of the FLSA and other appropriate Collective-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff

and all others similarly situated for the nature, extent and duration of their damages, the costs of

this action and as follows:

A.  Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses, and home addresses of all Clinical Research Coordinators and other hourly non-exempt employees who were subject to Defendant's policy and practice of "banking" overtime hours and have worked for the Defendant within the last three years;

B.  Authorize Plaintiff's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all members of the Collective who worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C.  Certify Plaintiff's FLSA claims as a collective action;

D.  Declare and find that the Defendant committed one or more of the following acts:

   i.  Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly-situated persons who opt-in to this action;

   ii.  Willfully violated provisions of the FLSA;

E.  Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F.  Award liquidated damages on all compensation due accruing from the date such amounts were due;

G.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

H.  Grant leave to add additional plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

I.  For such further relief as the Court deems just and equitable.


Dated: July 27, 2022                   Respectfully Submitted,


/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
**GIBBONS LAW GROUP, PLLC**

9

14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email:  phil@gibbonslg.com
         corey@gibbonslg.com

*Attorneys for Plaintiff*

10